Filed 4/9/13  In re S.S. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | B242925 (Los Angeles County Super. Ct. No. CK91434) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.S., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Dismissed.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Jeanette Cauble, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

On appeal, father J.S. attempts to challenge a jurisdictional order involving his seven-year-old son S.S. Father fails to raise a justiciable issue and we therefore dismiss the appeal.

## FACTS AND PROCEDURE

Mother J.S. is the parent of K.S. (born in 1996), A.G. (born in 1998), B.G. (born in 2001), S.S. (born in 2005) and C.S. (born in 2008). Father is the biological parent of S.S. and C.S., and the stepfather of the other children. Father had a lengthy criminal history dating back to 1987, when he plead guilty to possession of a controlled substance for sale. Father's most recent conviction was in 2006 for possession of a controlled substance.

### 1. Petition

On January 13, 2012, the Los Angeles County Department of Children and Family Services filed a petition, which as later amended alleged (1) mother physically abused A.G. by striking her with a fishing pole and with extension cords; (2) father was violent towards mother, and mother failed to protect the children from father's violence; (3) father sexually abused A.G., including digitally penetrating and orally copulating her vagina, fondling her breasts, forcing her to orally copulate him, and giving her a vibrator; (4) father threatened to kill A.G. if she disclosed the sexual abuse; and (5) mother allowed father into the home after learning father sexually abused A.G.

### 2. Sexual Abuse of A.G.

On January 10, 2012, A.G. told her teacher father had been sexually abusing her for several years, beginning when she was eight years old. A.G. stated father fondled her private parts, forced her to perform oral sex on him, and gave her a vibrator. A.G. did not speak out sooner because father threatened to kill her if she told anyone. A.G. said father touched her vagina, and rubbed her breasts and buttocks. She said father digitally penetrated her vagina. A.G. reported father ordered her to orally copulate him and he licked her vagina. Father also showed her pornographic movies. A.G. said father did not have intercourse with her because "the doctor would know and people would be able to tell."

2

In an interview with police, A.G. reported that father would take her to the garage when the other children were occupied. When there, father touched her chest and vagina. Father showed A.G. pornographic movies and then ordered her to "do what [she] saw in those porno movies." After father ejaculated, he would use the vibrator on A.G., lick her vagina, and insert his finger into her vagina. Father threatened to kill A.G. if she told anyone.

The other children denied inappropriate touching by father. K.S. noticed father would take A.G. to the garage but did not see father abuse A.G. Father denied the sexual abuse.

### 3. Domestic Violence

Mother obtained a restraining order against father in 2011; the restraining order protected her, B.G., A.G., and K.S. Mother said she decided to obtain the restraining order after father pulled her hair and was verbally abusive toward her. K.S. saw father grab mother by the hair and heard father threaten to kill mother. A.G. witnessed mother and father in a "violent physical altercation." A.G. heard father threaten to kill mother. Father admitted pulling mother's hair but denied threatening to kill her.

### 4. Physical Abuse by Mother

A.G. reported physical abuse by mother to a school counselor. A.G. told a social worker that mother hit her on her left hand with a fishing pole after she lost mother's car keys.

**DISCUSSION**

Father challenges jurisdiction over his son S.S., arguing the sexual abuse of A.G. does not show S.S. was at risk of sexual abuse. In addressing this claim, father focuses on the different genders of the children. Father does not challenge jurisdiction on the grounds that his violence towards mother placed the children including S.S. at risk of harm. Father recognizes this court may affirm when any ground for jurisdiction is supported, but argues this court should consider his argument because otherwise he may suffer prejudice. (*In re Ashley B.* (2011) 202 Cal.App.4th 968, 979 ["As long as there is one unassailable jurisdictional finding, it is immaterial that another might be

3

inappropriate."]; *In re Jonathan B.* (1992) 5 Cal.App.4th 873, 875 [appellate court may affirm judgment if supported on any one ground].) For reasons explained below, we decline to consider the merits of father's challenge.

"It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue. [Citation.] The justification for this doctrine, which in general terms requires an appeal to concern a present, concrete, and genuine dispute as to which the court can grant effective relief, is well explained by Wright and Miller's hornbook of federal practice: 'The central perception is that courts should not render decisions absent a genuine need to resolve a real dispute. Unnecessary decisions dissipate judicial energies better conserved for litigants who have a real need for official assistance. . . .'" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489-1490, quoting 13B Wright et al., Federal Practice and Procedure (3d ed. 2008) § 3532.1, pp. 372-374, fns. omitted.) An important prerequisite for justiciability is the availability of effective relief, i.e., the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status. (*In re I.A., supra*, at p. 1490.)

"'[W]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)" (*In re Andy G.* (2010) 183 Cal.App.4th 1405, 1415, fn. 6.)

Here, striking the jurisdictional findings regarding father would not result in any practical, tangible impact of father's position in the dependency proceeding. (*In re I.A., supra*, 201 Cal.App.4th at p. 1492.) Although father asserts he will suffer prejudice from the failure to consider the appeal, he "has not suggested a single specific legal or practical consequence from [the challenged jurisdictional] finding, either within or outside the dependency proceedings." (*Id.* at p. 1493.) Father states this court has discretion to consider the merits when the outcome would determine whether the parent was an

4

offending or nonoffending parent.  But here, the outcome of the merits of father's challenge has no consequence to the determination that he is an offending parent.  Even if we were to conclude there was insufficient evidence to support jurisdiction over S.S., father would still be an offending parent.  Father identifies no other consequence he will suffer beyond jurisdiction, and therefore fails to demonstrate any prejudicial impact.

In sum, father's jurisdictional challenge would not defeat dependency jurisdiction nor alter the juvenile court's dispositional orders relating to father.  Because father's appeal fails to raise a justiciable issue, we dismiss.

## DISPOSITION

The appeal is dismissed.


FLIER, J.


We concur:


BIGELOW, P. J.



RUBIN, J.